**McLANE/WESTERN, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 81–1081.

United States Court of Appeals,
Tenth Circuit.

Sept. 2, 1987.

Kate Raabe (Kenneth R. Stettner of Stettner, Miller and Cohn, P.C., with her on the brief), Denver, Colo., for petitioner.

Mark S. McCarty (Peter Winkler, Supervisory Attorney, Marion Griffin, Attorney; Rosemary M. Collyer, General Counsel,

John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Associate General Counsel, and Elliott Moore, Deputy Associate General Counsel, with him on the brief, of counsel), National Labor Relations Bd., Washington, D.C., for respondent.

Before HOLLOWAY, Chief Judge, McWILLIAMS, Circuit Judge, and BOHANON, Senior District Judge.[*]

McWILLIAMS, Circuit Judge.

In *McLane/Western, Inc. v. National Labor Relations Board*, 723 F.2d 1454 (10th Cir.1983), this court upheld the Board's finding that before a union election McLane/Western engaged in conduct which violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), by coercively interrogating employees, and by threatening the employees with loss of benefits, plant closure and physical violence. In that connection, we ordered enforcement of the Board's order. However, in that same opinion, we ordered a remand of the Board's further order that McLane's post-election discharge of an employee, Keith McFarland, violated § 8(a)(1) and (a)(3) of the Act, 29 U.S.C. § 158(a)(1) and (a)(3).[1]

McFarland was discharged a day or two after the Union filed a challenge to the election, which election the Union had lost by a vote of sixty-eight votes against the Union and forty-two votes for the Union. As concerns McFarland's discharge, this court stated at p. 1460 that the "General Counsel made a *prima facie* case that the 'employee's [McFarland's] protected conduct was a substantial or motivating factor' in the discharge." The basis for our remand was that in our view the Board had made no clear-cut finding as to whether McLane would have discharged McFarland "regardless of any anti-union senti-

ment" because of his alleged violation of the company's "anti-pilfering" rule.

On remand, no additional testimony was taken. However, McLane did submit a statement of position, urging the Board to reevaluate the administrative law judge's findings of facts in the original proceeding in the light of *National Labor Relations Board v. Transportation Management Corp.*, 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983)[2] and *Wright Line*, 251 N.L.R.B. 1083 (1980), *enforced on other grounds*, 662 F.2d 899 (1st Cir.1981), *cert. denied*, 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982).

The Board thereafter reconsidered its earlier decision in the light of our remand and McLane's statement of position, and determined that McLane had failed to sustain its burden of establishing that it would have discharged McFarland "for legitimate reasons, absent his protected union activities." Accordingly, the Board again ordered McLane to reinstate McFarland and to make him whole for any loss of earnings, and also ordered other remedial relief. *See McLane/Western, Inc.*, 276 N.L.R.B. 579 (1985). To that order and decision McLane has filed the present petition for review, and the Board, on cross-application, seeks enforcement.

For a detailed statement of background facts, see our earlier opinion, 723 F.2d 1454, and the two decisions and orders of the Board, 251 N.L.R.B. 1396 and 276 N.L.R.B. 579. It is sufficient for our purposes to state that McLane is engaged in the business of selling and distributing food and grocery related products on the wholesale level. Keith McFarland was employed as a forklift operator at McLane's warehouse in Denver, Colorado. McLane had a company rule providing that "[A]ny employee found guilty of *any* act of dishon-

---

[*] Honorable Luther L. Bohanon, United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

1. The Board's order and decision appears as *McLane/Western, Inc.*, 251 N.L.R.B. 1396 (1980).

2. In *NLRB v. Transportation Management Corp.*, *supra*, the Supreme Court held that although the

General Counsel has the burden of persuading the Board by a preponderance of the evidence that an anti-union animus contributed to the employer's decision to discharge, the employer could nonetheless avoid the conclusion that it violated the Act by proving by a preponderance of the evidence that the employee would have been fired for permissible reasons even if he had not been involved in protected union activities.

esty will be subject to immediate discharge without prior notification" (emphasis is McLane's). This rule was published in an employee handbook and was well known by its employees, including McFarland.

McFarland was observed eating a broken cracker from a case of crackers that apparently had been run over by a forklift during a preceding shift. The case was so crushed that only one corner remained upright. A fellow employee observed McFarland as he commenced to eat the broken cracker. The fellow employee reported the incident to his supervisor who was on the scene before McFarland had finished his "first bite."[3] McFarland was taken to a supervisor's office where he was suspended pending a final determination of appropriate company action. The following day McFarland was discharged by the division president for "eating product-pilfering."

The Board's action on remand must be viewed in context. As indicated, this court, in its earlier opinion, upheld the Board's finding that McLane engaged in illegal pre-election activity. We also upheld the Board's finding that when McLane discharged McFarland, a day or two after the Union challenged the election, McFarland's "protected conduct," i.e., pro-union activity, or suspected pro-union activity, was "a substantial or motivating factor" behind the discharge. The remand was for the limited purpose of requiring the Board to make a specific finding on the further question as to whether McLane would have discharged McFarland, regardless of any pro-union activity, for his alleged violation of the company's rule allowing immediate discharge without prior notification for "*any* act of dishonesty" (emphasis is McLane's).[4] It is agreed that McLane had the burden of proof on this particular matter, and the Board has now simply held that McLane did not sustain its burden.

It is true that certain of McLane's supervisory staff testified that McFarland would have been discharged for violation of the company's rule absent his pro-union activity. But that does not end the matter. Neither the administrative law judge nor the Board was bound to accept such testimony. It is their duty to assess the credibility of such witnesses, and, obviously, neither the administrative law judge nor the Board was persuaded by such self-serving statements.

The Board, in its second decision and order, identified the facts and circumstances which lead it to conclude that McLane had not met its burden to prove that it would have discharged McFarland regardless of his union activity.[5] Those "facts and circumstances" can, in our view, be permissibly inferred from the record. Whether we would draw the same inferences is of no moment, since we are not the fact finder.

In sum, there is substantial evidence in the record to support the findings and or-

---

3. The same fellow employee, by coincidence, had earlier reported to his supervisor that McFarland had accepted and signed a union authorization card.

4. In our earlier opinion in this case, we commented at p. 1461 as follows:

This analysis appears to give no consideration to the defense available under *Transportation Management Corp.* If the findings could be fairly read, with adequate record support, to rule out the possibility that the company could prevail on the defense that it would have discharged McFarland even if he had not engaged in protected activity, then remand might not be necessary. Because we cannot fairly read the findings that way, however, we conclude that we should remand; we should not make findings on the second phase of the *Transportation Management Corp.* analysis in the first instance. The Board therefore should reconsider McFarland's discharge in light of *Transportation Management Corp.*, conducting further proceedings deemed necessary and entering new findings, conclusions and an appropriate order on the issue of McFarland's discharge.

5. In this regard, the Board commented on the following: (1) The company rule authorizing discharge for "any act of dishonesty" did not, by its own terms, necessarily apply to the act of eating a broken cracker which was to be discarded, and not sold; (2) The two prior incidents cited by McLane where its rule against stealing had been applied to what were deemed to be situations similar to that of McFarland's did not involve damaged goods; and (3) management's reaction at the time of the incident here involved where it delayed in order to check "past practice" belied a "hard and fast" rule. 276 N.L.R.B. 579, 580–81.

ders of the Board. Accordingly, the orders are affirmed.